**UNITED STATES DISCRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM CIVIL DIVISION**

MARK FITZGERALD,                                          CASE NO.:

        Plaintiff,

                                              JURY DEMAND

v.

SEACOAST BANKING CORPORATION
OF FLORIDA,

        Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MARK FITZGERALD (hereinafter, "Plaintiff" or "FitzGerald"), by and through undersigned counsel, hereby files this Complaint and Demand for Jury Trial against Defendant, SEACOAST BANKING CORPORATION OF FLORIDA ("Seacoast" or "Defendant"), alleging damages in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* ("ADA"), and the Florida Civil Rights Act of 1992, as amended, Fla. Stat. 760.01 *et seq.* ("FCRA").  Plaintiff further alleges the following:

### JURISDICTION AND VENUE

1.    Jurisdiction in this Court is proper as this is an action under 42 U.S.C. §12101 *et seq.* and pursuant to 28 U.S.C. §1331 this Court has original jurisdiction over this controversy.

2.    Venue is appropriate in the Southern District of Florida pursuant to 28 U.S.C. §1391, as this is the situs where the cause of action occurred and the location of Defendant's principal place of business.

## PARTIES

3.      At all times material to this action, Plaintiff, FitzGerald, was, and continues to be a resident of Palm Beach County, Florida, and is otherwise sui juris.

4.      At all times material hereto, FitzGerald was an "employee" as defined by 42 U.S.C. §12111(4), and a "qualified individual" as defined by 42 U.S.C. §12111(8).

5.      At all times material hereto, Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. §760.02(10).

6.       At all times material to this action, Defendant, Seacoast, was, and continues to be, a Florida corporation organized and existing under, and by virtue of the laws of the State of Florida, with its principal place of business situated at 815 Colorado Avenue, Stuart, Florida, and is otherwise sui juris.

7.      At all times material hereto, Seacoast was a "person" and an "employer" as defined by 42 U.S.C. §12111(5), and Fla. Stat. §760.02(7).

8.      Seacoast employed fifteen (15) or more employees for the applicable statutory period and is subject to the employment discrimination provisions of the ADA and FCRA.

## CONDITIONS PRECEDENT

9.      Plaintiff has complied with all conditions precedent in filing this action, to wit:

a.      Plaintiff has timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), Miami District Office, for disability-related discrimination and retaliation.

b.      Plaintiff was issued a Notice of Right to Sue letter on July 19, 2019, a true and correct copy of said letter is attached hereto and marked as **Exhibit A**.

c.      Plaintiff has filed the instant action within 90 days of receipt of the Notice of Right to Sue letter.

## GENERAL ALLEGATIONS

10.     On or about September 2017, FitzGerald was employed by Defendant as a Vice President of Small Business Banking, which required Plaintiff to build and maintain business banking relationships in Palm Beach County and Broward County, Florida.

11.     As a Vice President of Small Business Banking for Seacoast, Plaintiff's essential job functions included business development, client retention, maintaining knowledge of Seacoast's financial products and maintaining current on industry changes and technology.

12.     Plaintiff essential job functions were primarily conducted through inbound and outbound telephone calls and meetings with potential clients as well as existing clients.

13.     Prior to Plaintiff joining Seacoast, FitzGerald possessed over twenty plus years of business banking experience, with a proven track record of success, as well as having an established network of contacts, customer and business owners available for FitzGerald to prospect for business.

14.     FitzGerald also maintained superior knowledge of the available financial products in the market, underwriting guidelines for loan approval and market conditions and trends.

15.     As a result of Plaintiff's experience, knowledge and reputation, Plaintiff was not required to work at a Seacoast's branch location but rather was permitted by Seacoast to conduct and operate out of Plaintiff's home office in Lake Worth.

16.     Once FitzGerald began working for Defendant, Plaintiff's acumen as a Vice President of Business Banking was immediately apparent to Seacoast and Seacoast's management.

17.     In fact, Plaintiff's performance was so outstanding that FitzGerald was recognized by Seacoast as the No. 1 Small Business Banker for the entire bank, consisting of over 49 branches throughout the State of Florida, for the First Quarter Ending 2018, exceeding Plaintiff's

goals established by Seacoast by over two-hundred percent (200%).

18.     Shortly after being honored for FitzGerald's excellence, on or around late March or early April 2018, FitzGerald began experiencing extreme anxiety and debilitating depression, causing FitzGerald to have difficulty performing his job at peak performance, as Plaintiff and Seacoast were accustomed.

19.     Plaintiff's mental impairment had caused FitzGerald's production to decline for the 2nd Quarter Ending 2018, negatively effecting his sales.

20.     On or about May 2, 2018, while traveling to Orlando, Florida for a three-day long banking industry conference, Plaintiff suffered a severe panic attack and was taken to the emergency room.

21.     Plaintiff was treated and released from the hospital with instructions that Plaintiff could return to work on May 9, 2018 and for FitzGerald to see a specialist.

22.     Upon Plaintiff's discharge from the hospital, Plaintiff sought treatment from a psychiatrist and was diagnosed with severe depression and debilitating anxiety.

23.     FitzGerald informed his supervisor and/or manager, PHILIP FITZPATRICK ("Fitzpatrick" or "Manager"), of the panic attack and FitzGerald's ongoing issues with depression and anxiety.

24.     During the conversation, Fitzpatrick informed Plaintiff of Fitzpatrick's own issues dealing with depression after being discharged from the United States Marine Corp., and recommended that Plaintiff attend counseling services available to Seacoast employees, which Plaintiff utilized.

25.     FitzGerald and Fitzpatrick also discussed reasonable accommodations, including, but not limited to, changes to FitzGerald's work schedule, providing assistance to FitzGerald in completing non-essential job duties and/or taking personal time off.

26.     Defendant ultimately agreed, with FitzGerald's support, that Seacoast would accommodate Plaintiff's disability by having Plaintiff utilize his paid-time-off ("PTO) to seek medical treatment for his disability, with the parties revisiting FitzGerald's mental condition and reasonable accommodations on June 4, 2018, when Plaintiff's PTO exhausted and he returned to work.

27.     The aforementioned accommodation permitted Plaintiff to apply his accrued PTO without incurring any unexcused absences and eliminated any costs to Seacoast.

28.     FitzGerald embraced treatment and was committed to managing, and eventually overcoming his disabilities, and returning to work for Seacoast.

29.      FitzGerald also regularly checked in with Fitzpatrick and provided Fitzpatrick with updates on his mental state, treatment and status of any improvements or worsening of FitzGerald's condition.

30.     During his authorized absence from Seacoast, Plaintiff treated with both a psychiatrist and a therapist, preparing to return to work for Seacoast, on June 4, 2018.

31.     However, on or about late May 2018, while Plaintiff was out on PTO, Seacoast, through Fitzpatrick, contacted FitzGerald, via telephone, and without reason or explanation, terminated FitzGerald, effective June 1, 2018.

32.     FitzGerald was terminated by Seacoast based solely on FitzGerald's disability, and while Plaintiff was on leave seeking medical treatment, Seacoast contrived their scheme to permanently eliminate FitzGerald from Seacoast's work force, which they executed on the May 2018 telephone call.

33.     Prior to FitzGerald's termination, Seacoast never reprimanded, warned or disciplined Plaintiff for any reason nor did Defendant at any time indicate they were unsatisfied with Plaintiff's job performance.

34.     As a result of Seacoast's discriminatory and unlawful actions, Plaintiff has suffered, among other things, extreme mental anguish, further depression and anxiety, loss of income and health benefits, and the inability to provide for his family during a time when he needed it most.

## COUNT I – VIOLATION OF TITLE I OF THE ADA

35.     Plaintiff adopts and re-alleges the facts contained in paragraphs 1-34 above, as if fully stated herein.

36.     At all times material to this action, Defendant, Seacoast, engaged in unlawful discrimination against Plaintiff by terminating Plaintiff's employment with Defendant because of Plaintiff's disabilities, and by failing to provide Plaintiff reasonable accommodations, which accommodations would not subject Defendant to undue hardship or unreasonable costs.

37.     FitzGerald's mental disabilities, consisting of severe depression and debilitating anxiety, qualify as disabilities within the meaning of the ADA.

38.     Plaintiff's aforementioned disabilities were and continue to be, mental impairments substantially limiting FitzGerald's ability to conduct major life activities, including, but not limited to, operating a motor vehicle, fatigue, focusing, brain functionality and sleeping.

39.     Plaintiff's disabilities and impairments were expected to last longer than six months but were treatable with the appropriate medical treatment over time.

40.     Defendant was not only aware of Plaintiff's disabilities, but Plaintiff openly discussed his disabilities with his immediate supervisor/manager, Philip Fitzpatrick.

41.     FitzGerald was otherwise qualified for his position as Vice President of Small Business Banking, possessing all the skills, experience and education to continue his employment with Seacoast, and was able to perform the essential job functions of his position with or without

reasonable accommodations.

42.     Defendant's actions were willful, in that Defendant knew their actions of discriminating against Plaintiff based on his disability were unlawful, but acted irrespective of the law.

43.     As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, and continues to suffer emotional pain and mental anguish, embarrassment, depression and anxiety, loss of income in the form of wages and commissions, and damages to Plaintiff's reputation.  result of Defendants' actions, Plaintiff suffered damages, including, but not limited to, lost wages and benefits.

**WHEREFORE**, Plaintiff, MARK FITZGERALD, demands Judgment against Defendant, SEACOAST BANKING CORPORATION OF FLORIDA, prohibiting Defendant's discriminatory actions; actual damages, including lost wages, commission and benefits, back pay, future wages and commissions; compensatory damages under the ADA for mental anguish, loss of dignity, embarrassment, severe anxiety and emotions distress; punitive damages; prejudgment interest; and reasonable attorney's fee and costs, and any other relief this Court deems just and equitable.

## COUNT II – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
### (DISABILITY DISRIMINATION IN EMPLOYMENT)

44.     Plaintiff adopts and re-alleges the facts stated in paragraphs 1-34 above, as if fully stated herein.

45.     Plaintiff brings this action for violations of the Florida Civil Rights Acts of 1992, Section 760.10(1)(a), for discrimination against Plaintiff because of Plaintiff's mental disability and/or handicap.

46.     Plaintiff was not afforded reasonable accommodations for his disability, but instead

was discriminated against by Seacoast based on his handicap and terminated from his employment with Defendant.

47.     As a result of Defendant's actions, Plaintiff suffered both irreparable injury and compensable damages unless and until this Court grants Plaintiff relief.

48.     The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights and in violation of he FCRA.

49.     As a direct and proximate result of the intentional violations of the FCRA by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish, continued depression and anxiety, embarrassment and humiliation.

50.     Furthermore, as a direct and proximate result of the intentional violations of the FCRA by Defendant, Plaintiff has suffered substantial damages in the form of lost wages and commissions, future wages and commissions and loss of benefits.

51.     Plaintiff is entitled to bring this civil action in any court of competent jurisdiction under Fla. Stat. 760.11(8).

52.     Defendants' unlawful actions of discrimination were willful and malicious, entitling Plaintiff to recover punitive damages under Fla. Stat. 760.11(5).

53.     Furthermore, Plaintiff is entitled to recover reasonable attorneys' fees and costs in bringing this action, pursuant to Fla. Stat. 760.11(5).

**WHEREFORE**, Plaintiff, MARK FITZGERALD, demands Judgment against Defendant, SEACOAST BANKING CORPORTION OF FLORIDA, for actual damages, including lost wages, commissions and benefits, back pay, future wages and commissions; compensatory damages under the FCRA for mental anguish, loss of dignity, embarrassment, severe anxiety and emotions distress; punitive damages under the FCRA; prejudgment interest;

and reasonable attorney's fee and costs; and any other relief this Court deems just and equitable.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated:  August 29, 2019.

Respectfully submitted,

**MILL STONE LEGAL GROUP, LLC**

By:  */s Matthew R. McGuigan*
MATTHEW R. MCGUIGAN, ESQ.
FL Bar No.:  113357
3333 W. Commercial Blvd., Ste. 115
Fort Lauderdale, FL 33309
Tel: 754-227-1610
Fax: 215-475-4764
E-mail:  mmcguigan@millstonelegal.com
*Attorneys for Plaintiff Mark FitzGerald*